# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A<br><br>**Plaintiff**<br><br>vs.<br><br>Irvin W. McKay<br><br>**Defendant** | CIVIL ACTION NO:<br><br>**COMPLAINT**<br><br>RE:<br>307 Mudgett Road, Kenduskeag, ME 04450<br><br>Mortgage:<br>August 6, 2007<br>Book 11082, Page 114 |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Irvin W. McKay, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S.

Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, in which the Defendant, Irvin W. McKay, is the obligor and the total amount owed under the terms of the Note is One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A is a corporation organized under the laws of the United States of America, with its principal place of business located at 60 Livingston Avenue, St. Paul, MN 55107.

5. The Defendant, Irvin W. McKay, is a resident of Kenduskeag, County of Penobscot and State of Maine.

## FACTS

6. On February 22, 1983, by virtue of a Warranty Deed from United States of America, which is recorded in the Penobscot County Registry of Deeds in **Book 3374, Page 290**, the property situated at 307 Mudgett Road, County of Penobscot, and State of Maine, was conveyed to the Defendant, Irvin W. McKay, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On August 6, 2007, the Defendant, Irvin W. McKay, executed and delivered to EquiFirst Corporation a certain Note in the amount of $118,500.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. On November 19, 2019, the Defendant, Irvin W. McKay, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit C (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

9. The Demand Letter informed the Defendant, Irvin W. McKay, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit C.

10. The Defendant, Irvin W. McKay, failed to cure the default prior to the expiration of the Demand Letter.

11. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is the present holder of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

12. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is the lawful holder and owner of the Note. The total debt owed under the Note as of December 24, 2020 is One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $153,834.98 |

| | |
|---|---:|
| Interest | $5,652.22 |
| Late Fees | $444.00 |
| Escrow Advance | $1,818.89 |
| Suspense Balance | $-114.76 |
| Recoverable Balance | $1,953.50 |
| Grand Total | $163,588.83 |

*See* Exhibit D (a true and correct copy of the Payoff Calculation is attached hereto and incorporated herein).

13. Upon information and belief, the Defendant, Irvin W. McKay, is presently in possession of the subject property originally secured by the Note.

14. The Defendant is not in the Military. *See* Exhibit E (a true and correct copy of the Affidavit Relating to Military Search is attached hereto and incorporated herein).

## COUNT I – BREACH OF NOTE

15. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, repeats and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. On August 6, 2007, the Defendant, Irvin W. McKay, executed and delivered to EquiFirst Corporation a certain Note in the amount of $118,500.00. *See* Exhibit B.

17. The Defendant, Irvin W. McKay, is in default for failure to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit C.

18. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Irvin W. McKay.

19. The Defendant, Irvin W. McKay, having failed to comply with the terms of the Note, is in breach of the Note.

20. The Defendant Irvin W. McKay's breach is knowing, willful, and continuing.

21. The Defendant Irvin W. McKay's breach has caused Plaintiff U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

22. The total debt owed under the Note as of December 24, 2020 is One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $153,834.98 |
| Interest | $5,652.22 |
| Late Fees | $444.00 |
| Escrow Advance | $1,818.89 |
| Suspense Balance | $-114.76 |
| Recoverable Balance | $1,953.50 |
| Grand Total | $163,588.83 |

*See* Exhibit D (a true and correct copy of the Payoff Calculation is attached hereto and incorporated herein).

23. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

### COUNT II – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

24. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. By executing, under seal, and delivering the Note, the Defendant, Irvin W. McKay, entered into a written contract with EquiFirst Corporation who agreed to loan the amount of $118,500.00 to the Defendant. *See* Exhibit B.

26. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is the proper holder of the Note and successor-in-interest to EquiFirst Corporation, and has performed its obligations under the Note.

27. The Defendant, Irvin W. McKay, breached the terms of the Note by failing to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit C.

28. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Irvin W. McKay.

29. The Defendant, Irvin W. McKay, having failed to comply with the terms of the Note, is in breach of contract.

30. The Defendant, Irvin W. McKay, is indebted to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A in the sum of One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, for money lent by the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, to the Defendant.

31. Defendant Irvin W. McKay's breach is knowing, willful, and continuing.

32. Defendant Irvin W. McKay's breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan

Trust 2018-A, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

33. The total debt owed under the Note as of December 24, 2020 is One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $153,834.98 |
| Interest | $5,652.22 |
| Late Fees | $444.00 |
| Escrow Advance | $1,818.89 |
| Suspense Balance | $-114.76 |
| Recoverable Balance | $1,953.50 |
| Grand Total | $163,588.83 |

*See* Exhibit D (a true and correct copy of the Payoff Calculation is attached hereto and incorporated herein).

34. Injustice can only be avoided by awarding damages for the total amount owed under the Note, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

35. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. EquiFirst Corporation, predecessor-in-interest to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, loaned Defendant, Irvin W. McKay, $118,500.00. *See* Exhibit B.

37. The Defendant, Irvin W. McKay, is in default for failure to properly tender the October 1, 2019 payment and all subsequent payments. *See* Exhibit C.

38. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Irvin W. McKay, should be required to compensate the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A.

39. As such, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is entitled to relief under the doctrine of *quantum meruit*.

40. The total debt owed under the Note as of December 24, 2020 is One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $153,834.98 |
| Interest | $5,652.22 |
| Late Fees | $444.00 |
| Escrow Advance | $1,818.89 |
| Suspense Balance | $-114.76 |
| Recoverable Balance | $1,953.50 |
| Grand Total | $163,588.83 |

See Exhibit D. (a true and correct copy of the Payoff Calculation is attached hereto and incorporated herein).

## COUNT IV –UNJUST ENRICHMENT

41. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. EquiFirst Corporation, predecessor-in-interest to U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, loaned the Defendant, Irvin W. McKay, $118,500.00.  *See* Exhibit B.

43. The Defendant, Irvin W. McKay, has failed to repay the loan obligation.

44. As a result, the Defendant, Irvin W. McKay, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A as successor-in-interest to EquiFirst Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

45. As such, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is entitled to relief.

46. The total debt owed under the Note as of December 24, 2020 is One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $153,834.98 |
| Interest | $5,652.22 |
| Late Fees | $444.00 |
| Escrow Advance | $1,818.89 |
| Suspense Balance | $-114.76 |
| Recoverable Balance | $1,953.50 |
| Grand Total | $163,588.83 |

See Exhibit D.  (a true and correct copy of the Payoff Calculation is attached hereto and incorporated herein).

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, prays this Honorable Court:

a) Find that the Defendant, Irvin W. McKay, is in breach of the Note by failing to make payment due as of October 1, 2019, and all subsequent payments;

b) Find that the Defendant, Irvin W. McKay, entered into a contract for a sum certain in exchange for a loan;

c) Find that the Defendant, Irvin W. McKay, is in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due October 1, 2019 and all subsequent payments;

d) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is entitled to enforce the terms and conditions of the Note;

e) Find that by virtue of the money retained by the Defendant, Irvin W. McKay has been unjustly enriched at the Plaintiff's expense;

f) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, to restitution;

g) Find that the Defendant, Irvin W. McKay, is liable to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, for money had and received;

h) Find that the Defendant, Irvin W. McKay, is liable to the Plaintiff for quantum meruit;

i) Find that the Defendant, Irvin W. McKay, has appreciated and retained the benefit of the Note and the subject property;

j) Find that it would be inequitable for the Defendant, Irvin W. McKay, to continue to appreciate and retain the benefit of the Note and subject property without recompensing the appropriate value;

k) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, is entitled to restitution for this benefit from the Defendant, Irvin W. McKay;

l) Determine the amount due on said Note, including principal, interest, reasonable attorney's fees and court costs;

m) Additionally, issue a money judgment against the Defendant, Irvin W. McKay, and in favor of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A, in the amount of One Hundred Sixty-Three Thousand Five Hundred Eighty-Eight and 83/100 ($163,588.83) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

n) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust National Association, not in its individual capacity, but solely as trustee of Citigroup Mortgage Loan Trust 2018-A,
By its attorneys,

Dated: January 8, 2021

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915

(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com